UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SESON DEON TELEO ADAMS,

                          Plaintiff,

                -against-

CITY OF NEW YORK, et al.,

                          Defendants.

25-CV-4358 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. On June 2, 2025, Plaintiff filed an amended complaint as of right, which is the operative complaint (ECF 8). He brings this action under the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Rehabilitation Act, the Family and Medical Leave Act ("FMLA"), the Health Insurance Portability and Accountability Act ("HIPAA"), and New York State Human Rights Law, alleging wrongful termination and retaliation. Plaintiff also asserts claims for constitutional violations under the First, Second, Fourth, Fifth, and Fourteenth Amendments, including false arrest, denial of due process and equal protection, malicious prosecution, and abuse of process, which the Court construes as being asserted under 42 U.S.C. § 1983. He also invokes federal criminal statutes and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.

Plaintiff sues the State of New York, the City of New York, the New York City Comptroller's Office ("NYC Comptroller's Office"), the People of the State of New York, the "Family Court County of New York," the New York City Department of Finance, the "Department of Corrections," the District Attorney for New York County, U.S. Trustees, and

various individuals including judges of the Family Court, Housing Court, and Criminal Courts, attorneys, and police officers from the New York City Police Department ("NYPD").

On June 5, 2025, Plaintiff filed a 1689-page motion for preliminary injunctive relief. (ECF 11.) He also moves for summary judgment and a "Writ Quo Warranto."[1] (ECF 7, 12.) By order dated July 2, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the amended complaint, with 60 days' leave to replead only his claims against his former employer, and denies the motions for preliminary injunctive relief, summary judgment, and a Writ Quo Warranto.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

---

[1] A Writ of Quo Warranto, according to Black's Law Dictionary, is a legal document used to challenge a person's right to hold a public or corporate office.

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the plaintiff is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the amended complaint.[2] Plaintiff Seson Deon Teleo Adams began working at the NYC Comptroller's Office on January 4, 2010. Four years later, in June 2014, he was wrongfully terminated, and he initiated Equal Employment Opportunity ("EEO") proceedings. In 2015, Shanelle Washington, with whom Plaintiff has a child, allegedly made false claims to the police that Plaintiff had violated an order of protection, and on November 9, 2015, Plaintiff was falsely arrested by NYPD Officer James Billington. Following an EEO finding regarding Plaintiff's employment, he was reinstated, in July 2016, to his position at the NYC Comptroller's Office.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Two years later, in November 2018, Adams sustained a "psychosomatic injury" due to fumigation at work, and he filed a claim for benefits with the Workers' Compensation Board ("WCB").[3]

On August 2, 2020, NYPD Police Officer Daniel Gines falsely arrested Plaintiff at his residence, without a warrant. This arrest resulted in the loss of Plaintiff's visitation rights with his daughter. On August 6, 2020, Shanelle Washington locked Plaintiff out of his residence.

Plaintiff was served on December 14, 2021, with an Order of Protection and decision issued by Jacob Maeroff, a Referee of the Family Court of the State of New York, New York County. Plaintiff was served with another Order of Protection on January 28, 2022, which was issued by Judge Anne Katz.

In April 2022, Adams reported an alleged incident of sexual harassment at work involving his supervisor, Shatema Jackson-Ciaravino. On May 17, 2022, NYPD Detective Michael Espinosa, Leonel Ferrera, who was Plaintiff's supervisor at the New York City Comptroller's Office, and David Francis, who is an attorney with NYC Comptroller's Office, subjected Plaintiff to "retaliatory accusations."

Another Order of Protection and decision, this time from Judge Leslie A. Stroth, J.S.C., was served on Plaintiff on September 27, 2022. Between December 14 and 17, 2022, Plaintiff was arrested again. Plaintiff asserts claims for false arrest, defamation, and retaliation against Detectives Espinosa (#5454) and Julio Napoleonis (#1764) and Assistant District Attorney Emma Bausert. On January 10, 2023, Assistant District Attorney Lynn Goodman filed an

---

[3] The WCB issued a decision regarding Plaintiff's injury in January 2021.

affirmation in support of an Extreme Risk Protection Order against Plaintiff,[4] and in February 2023, Judge Angela Badamo issued an Extreme Risk Protection Order against him.

Plaintiff filed a request for family or medical leave under the FMLA with the NYC Comptroller's Office on April 7, 2023, but the request was "ignored."

Administrative Law Judge Kara J. Miller of the Office of Administrative Trials and Hearings ("OATH") issued a Report and Recommendation on August 10, 2023, regarding termination of Plaintiff's employment. Shortly thereafter, on August 28, 2023, Plaintiff received a termination letter from the NYC Comptroller's Office. Plaintiff filed an initial charge of discrimination with the New York State Division of Human Rights on October 12, 2023, and later filed amendments.[5]

In unspecified court proceedings on September 21, 2023, Judge Marisol Martinez Alonso denied Plaintiff the right to call witnesses and face his accuser in open court, and Judge Alonso allegedly threatened him with indefinite imprisonment if he continued to argue his motion.

Plaintiff refers to his Uniform Commercial Code Filing No. 202404218204763, and he contends that he has an "express trust" that was "created nunc pro tunc," naming Janet Yellen and Benjamin H. Torrance as trustees.

---

[4] Plaintiff alleges that slanderous statements were made about him referring to "ghost guns" and about his allegedly deteriorating mental health. He contends that statements about his mental health violated his rights under the HIPAA.

[5] Plaintiff states that the bases for discrimination were the following: age, arrest record, citizenship or immigration status, creed, disability, gender identity or expression, national origin, pregnancy-related condition, race/color, sex, domestic violence victim status, and retaliation for opposition to discrimination or participation in EEO processes. He also refers to alleged sexual harassment, defamation (libel and slander), publication of false and malicious statements, and retaliation connected to protected EEO activity and whistleblowing. Plaintiff filed amendments on August 12, 2024, and February 25, 2025.

The Family Court issued an order of support by default against Plaintiff on September 5, 2024, and in response, Plaintiff filed a "Notice of fee schedule and acceptance of liability bond for protection from corporate abuse, false arrests, victimless charges, and bills of attainder" in Family Court.

Plaintiff was arrested on December 18, 2024, and detained by Officers Hernandez and Pedero under judicial orders by Judge Rosenthal. Plaintiff was admitted to Metropolitan Hospital for evaluation, where, a few days after his arrival, a fellow detainee assaulted Plaintiff. Plaintiff contends that the assault was the result of neglect by hospital staff. Plaintiff was discharged from Metropolitan Hospital on December 24, 2024. On December 30, 2024, the New York State Department of Taxation and Finance issued collection notices against Plaintiff.

Plaintiff brings this action against the State of New York, City of New York, NYC Comptroller's Office, the People of the State of New York, Family Court County of New York, NYC Department of Finance, Department of Corrections, District Attorney New York County, U.S. Trustees, "Esquires city-wide, state-wide, and global," and individual judges, attorneys, NYPD officers, and private parties (Hon. Judge Rosenthal, Benjamin H. Torrance, Arthur Engoron, Daniel Gines, Sarah Grunberger, Hon. J. Clynes, Jacob Maeroff, Michael Moorman, Brian R. Baker, Hon. Anne Katz, David Francis, Shatema Jackson-Ciaravino, Leonel Ferrera, Michael Espinosa, Julio Napoleonis, Lynn Goodman, Emma Bausert, Hon. Angela Badamo, Leslie A. Stroth, Hon. Johnathan Svetkey, Melanie Morales, Jason Martin, Victor Brown, Jonathan Cartelli, Seth Schraier, Stephen Edwards, Daniel McGuiness, Alvin Bragg, Lynn Goodman, Emma Bausert, Letitia James, Heba Abdelaal, Jorge Martinez, David J. Francis, Zachery Cohen, Marisol Martinez Alonso, Jonathan Svetkey, Paul McDonnell, Lu Maldonado, Soma S. Syed, Jay L. Weiner, Rob Rosenthal, Herbert Moses, Michael Gaffey, Rachel S. Pauley,

Ann Thompson, Nestor H. Diaz, Phyllis Chu, Judge "TBD," James Clynes, Eric Schumacher, France Wang, Jacob Maeroff, Hon. Evon M. Asforis, Hon. Anne Katz, Hon. Vijay M. Kitson, Hon. Judge Angela Abadamo, Kara J. Miller, Shanelle Washington, and Department of Corrections Officers, Missighe (Shield #14833), Singh (Shield #14324), and Calice (Shield #1228)).

Plaintiff lists the following counts: Denial of Due Process, Denial of Equal Protection, Illegal Prosecution, False Imprisonment and Unlawful Detention, False Arrest, Malicious Prosecution, Abuse of Process, Unconstitutional Application of New York Codes, Operation of Unconstitutional and Illegal Enterprise, Declaratory and Injunctive Relief, Slander and Defamation, Fraud, Interference with Prospective Economic Advantage, Abuse of Process, Disgorgement of Fees, Legal Malpractice, Mail Fraud (violation of 18 U.S.C. § 1341), Admiralty Claims, Breach of Fiduciary Duty, Fiduciary Breach and Securities Fraud, Trespass and Unlawful Conversion of Property, Religious Discrimination under Matthew 5:33-37 and James 5:12, and Retaliation and Wrongful Termination. He seeks damages, and declaratory and injunctive relief, including employment reinstatement, voiding judgments, rescinding warrants or orders of protection, and placement on a "Do Not Detain" list nationally and in New York. He also seeks "joinder [of] cases Appellate Court Second District 24-552 and Southern District of New York Index 19-CV-4665 to this action."[6]

In his motion for preliminary injunctive relief, Plaintiff seeks $30 million in damages, restoration to his prior employment at the NYC Comptroller's Office, vacatur of all challenged lower court rulings, a stay of the enforcement of various adverse orders issued by New York

---

[6] Plaintiff's complaint in *Adams v. Internal Revenue Service*, No. 19-CV-4665 (RA) (S.D.N.Y. May 29, 2019), was dismissed on the ground that the claims were frivolous.

state and local courts—including criminal complaints and extreme risk protection orders, and

sealing of all court and public records. In his "Writ Quo Warranto," directed to "United States

Supreme Court Judges and all Federal District Judges," Plaintiff asserts the following:

> Failure to comply with all the demands of this Writ of Quo Warranto will be an
> admission of your intentional and willful engagement in RICO and HIGH-
> TREASON against the People and will be subject to presentments or indictments
> for immediate removal from office and criminal prosecution for the committing of
> illicit and on-going crimes in a wheel and chain of conspiracy.

(ECF 7 at 14.)

## DISCUSSION

Plaintiff's amended complaint includes numerous claims, asserted against 75 different

defendants, arising from 2014 to 2025 out of, among other things, (1) his employment with the

NYC Comptroller's Office and termination of his employment; (2) his arrests, restraining orders,

and criminal proceedings; (3) his child support and Family Court proceedings; (4) his stay at

Metropolitan Hospital; (5) his detention in the custody of the New York City Department of

Correction ("DOC"); and (5) alleged misconduct in connection with various financial levies,

garnishments, federal tax issues, and unauthorized securities conversions.

## A.    Misjoinder

Although the Federal Rules of Civil Procedure liberally allow joinder of claims and

parties, the multitude of claims asserted in Plaintiff's complaint against different defendants are

not properly joined in one action. Rule 18 of the Federal Rules of Civil Procedure permits a

plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P.

18(a). Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action only if: (1) a

right to relief is asserted against all of the defendants, or the claims arise out of the same

transaction, occurrence, or series of transactions, and (2) questions of law or fact are common to

all defendants. *See Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Courts are to "take[ ] a broad view, not requiring an absolute identity of factual backgrounds . . . but only a logical relationship between them." *Id.* at 166 (quoting *United States v, Aquavella*, 615 F,2d 12, 22 (2d Cir. 1979)). Nevertheless, "[u]nrelated claims against different defendants belong in different suits . . ." *Webb v. Maldanado*, No. 13-CV-144 (RNC), 2013 WL 3243135, at *3 (D. Conn. June 26, 2013) (quoting *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007)). Moreover, "[t]he plaintiff bears the burden of demonstrating that joinder is warranted under Rule 20." *Jem Accessories, Inc. v. JVC Kenwood USA Corp.*, No. 20-CV-4984 (GHW), 2021 WL 706646, at *3 (S.D.N.Y. Feb. 22, 2021).

Under Rule 18, for example, it would be proper for Plaintiff to bring all of his claims against his former employer in one action, whether arising from the employer's handling of Plaintiff's sexual harassment complaint, denial of his FMLA request, or termination of his employment. Or, under Rule 20(a)(2), Plaintiff could bring in a single action his claims regarding particular arrest or other occurrence against all of the defendants involved in that occurrence. Rules 18 and 20, however, do not authorize a plaintiff to bring unrelated claims arising from separate incidents against all of the different defendants involved in those unrelated incidents in one lawsuit. *See Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126–27 (2d Cir. 1970) ("[T]he mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)"). Under these standards, Plaintiff's inclusion of 75 different defendants in one action, for many different claims arising separately over a period of many years, is not proper.

**B.    Severance**

Misjoinder of parties is not a ground for dismissing an action, but a court has discretion at any time, *sua sponte* or on motion, to add or drop a party. Fed. R. Civ. P. 21. "[I]f a court concludes that defendants have been improperly joined under Rule 20, it has broad discretion

under Rule 21 to sever parties or claims from the action." *Deskovic*, 673 F. Supp. 2d at 159-60

(citing Fed. R. Civ. P. 21). In considering whether to drop a party, in addition to the prerequisites

of Rule 20(a)(2), courts consider: "(1) whether severance would serve judicial economy;

(2) whether prejudice to the parties would be caused by severance; and (3) whether the claims

involve different witnesses and evidence." *Jem Accessories, Inc.*, 2021 WL 706646, at *3

(internal quotation marks and citation omitted).

      Here, the main claims in Plaintiff's amended complaint appear to be his claims arising

during his employment at the NYC Comptroller's Office and claims for unlawful termination of

his employment, allegedly in violation of federal antidiscrimination statutes. Different witnesses

and evidence are involved in Plaintiff's separate claims arising from his alleged false arrests on

domestic violence charges and myriad state court proceedings involving child support, child

custody, and criminal matters. In analyzing whether severing such claims prejudices the parties,

the Court notes that some of these false arrest claims, which date back to 2015, may already have

been time-barred when Plaintiff brought this action in 2025. Moreover, many of the defendants

are immune from suit for these claims, such as his claims against judges based on their judicial

rulings and claims against prosecutors for their actions associated with judicial proceedings. *See*

*Mireles v. Waco*, 502 U.S. 9, 11 (1991) (holding that judges are absolutely immune from suit for

damages for any actions taken within the scope of their judicial responsibilities); *Giraldo v.*

*Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (holding that prosecutors are immune from civil suits

for damages for acts committed within the scope of their official duties where the challenged

activities  are "intimately associated with the judicial phase of the criminal process.") (citation

omitted).  Accordingly, the Court severs Plaintiff's claims against Defendants other than his

employer, the NYC Comptroller's Office, and dismisses these claims and parties without prejudice to his bringing them in separate actions.[7]

## C.    Claims arising from employment with the NYC Comptroller's Office

The Court grants Plaintiff leave to file a Second Amended Complaint (SAC), as described below, limited to his claims arising out of his employment with the NYC Comptroller's Office. Federal antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his [protected characteristics were] a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

---

[7] Although nothing in this order prevents Plaintiff from refiling his claims arising from false arrests and other incidents described in the amended complaint in separate actions, Rule 11 of the Federal Rules of Civil Procedure requires Plaintiff to make a good faith investigation that his claims are well grounded in law before filing suit. *See* Fed. R. Civ. P. 11(a).

Plaintiff's amended complaint invokes many federal statutes governing employment, including the ADA, ADEA, FMLA, and the Rehabilitation Act. The facts alleged in the amended complaint, however, which are muddled with allegations relating to many different events and parties, are insufficient to comply with Rule 8 because Plaintiff does not include a short and plain statement of his claim against his former employer. Plaintiff has not, for example, included information about his disability, any accommodations requested, and what the employer allegedly did or failed to do that discriminated on the basis of Plaintiff's protected characteristics in violation of Plaintiff's rights.

The Court therefore grants Plaintiff leave to replead his employment discrimination claims in a Second Amended Complaint ("SAC"). If Plaintiff does not amend his complaint to make clear, concise, and sufficient allegations in support of his claims of discrimination and wrongful termination, the amended complaint will be dismissed as to the New York City Comptroller's Office for failure to state a claim on which relief can be granted.

## D.    Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court grants Plaintiff 60 days' leave to file an SAC to cure the deficiencies identified in this order. The Court directs the Clerk of Court to attach an amended Complaint for Employment Discrimination form to this order. The Court encourages Plaintiff to use the court's form and, if he has a Notice of Right to Sue from the Equal Employment Opportunity Commission, to include it with the SAC.

In the SAC, Plaintiff must include only claims and defendants that properly belong together in one action, and the SAC is subject to dismissal for failure to comply with this order if

the SAC disregards these directions. If Plaintiff does not file a SAC within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

### E.    Pending Motions

Plaintiff moves for a preliminary injunction, seeking restoration to his prior employment at the NYC Comptroller's Office, vacatur of all challenged lower court rulings (including in the Family Court and Criminal Courts), a stay of the enforcement of various adverse orders, including orders related to criminal complaints and the extreme risk protection order, and sealing of all court and public records. (ECF 11.) To obtain preliminary injunctive relief, a plaintiff must show: (1) that he is likely to suffer irreparable harm, and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Here, the Court has dismissed without prejudice the named defendants other than the NYC Comptroller's Office because Plaintiff cannot pursue unrelated claims against myriad other defendants in a single action. Plaintiff therefore cannot show a likelihood of success on the merits of such claims in this action. Plaintiff's amended complaint also does not include facts about his employment showing that, at this stage, he meets his burden of demonstrating entitlement to the extraordinary remedy of preliminary injunctive relief, such as restoration to his prior employment. Accordingly, Plaintiff's motion for a preliminary injunction is denied, as are his motions for summary judgment and a "Writ Quo Warranto."

**CONCLUSION**

The Court severs Plaintiff's claims against all defendants other than the NYC Comptroller's Office and dismisses those claims without prejudice. Fed. R. Civ. P. 21(a). If Plaintiff wishes to pursue the severed claims, he must do so in separate actions. The Clerk of Court is directed to terminate on the docket all defendants except the NYC Comptroller's Office. Plaintiff's motion for a preliminary injunction, summary judgment, and a "Writ Quo Warranto" are denied (ECF 7, 11-12), and the Clerk of Court is directed to terminate on the docket all pending motions in this action.

The Court grants Plaintiff leave to file a Second Amended Complaint (SAC) limited to his claims arising from employment with the NYC Comptroller's Office. Plaintiff must submit the SAC to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 25-CV-4358 (LTS). A Second Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the amended complaint will be dismissed on the merits as to the NYC Comptroller's Office for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:   August 4, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

Do you want a jury trial?

☐ Yes    ☐ No

_____

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

## SECOND AMENDED

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.      PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name                          Middle Initial          Last Name

Street Address

County, City                                    State                    Zip Code

Telephone Number                        Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City                                    State                    Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City                                    State                    Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                State              Zip Code

## II.     PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                State              Zip Code

## III.     CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐  **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

   The defendant discriminated against me because of my (check only those that apply and explain):

   ☐  race: _____

   ☐  color: _____

   ☐  religion: _____

   ☐  sex: _____

   ☐  national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.   Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐  did not hire me

☐  terminated my employment

☐  did not promote me

☐  did not accommodate my disability

☐  provided me with terms and conditions of employment different from those of similar employees

☐  retaliated against me

☐  harassed me or created a hostile work environment

☐  other (specify):  _____

  _____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐    Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?    _____

☐    No

Have you received a Notice of Right to Sue from the EEOC?

☐    Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?    _____

When did you receive the Notice?    _____

☐    No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☐    direct the defendant to hire me

☐    direct the defendant to re-employ me

☐    direct the defendant to promote me

☐    direct the defendant to reasonably accommodate my religion

☐    direct the defendant to reasonably accommodate my disability

☐    direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your
complaint. If you do not consent, please do not attach the form.

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____ _____ _____ _____
Address                 City          State        Zip Code


_____ _____
Telephone Number                E-mail Address


_____ _____
Date                            Signature


**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007