UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SESON DEON TELEO ADAMS,

               Plaintiff,

        -against-

CITY OF NEW YORK, et al.,

               Defendants.

25-CV-4358 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff proceeds *pro se* and *in forma pauperis* in this action. By order dated August 4, 2025 (ECF 14), Plaintiff was granted leave to file a Second Amended Complaint (SAC) regarding his employment discrimination claims, and the Court severed and dismissed without prejudice Plaintiff's claims arising from his arrests, his Family Court and Criminal Court matters, his involuntary hospitalization, and other events. In the same order, the Court also denied preliminary injunctive relief. Plaintiff filed an interlocutory appeal (ECF 15), and on October 10, 2025, he filed the SAC (ECF 16).

On February 17, 2026, without leave of court, Plaintiff filed a proposed "Amended Consolidated Complaint" (ECF 22) (hereinafter the "Third Amended Complaint" (TAC)), and on February 26, 2026, he filed another "Amended Consolidated Complaint" (ECF 24) (hereinafter the "Fourth Amended Complaint" (Fourth AC)). Plaintiff has also filed numerous motions. (ECF 17, 19, 21, 25-27.)

For the reasons set forth below, the Court directs Plaintiff, within 30 days, either (1) to file a single pleading that will be the operative pleading, or (2) to identify in writing whether he intends to rely on the operative SAC, or wishes the Court to treat his proposed TAC or Fourth AC as the operative pleading.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

**BACKGROUND**

Plaintiff filed his original complaint on May 21, 2025, and shortly thereafter, on June 2, 2025, Plaintiff filed an amended complaint as a matter of course, Fed. R. Civ. P. 15(a)(1). He also filed a nearly 1700-page motion seeking preliminary injunctive relief (ECF 11), as well as motions for summary judgment and other relief (ECF 3-4, 6-7, 9-10, 12).

On October 10, 2025, in response to the Court's order of dismissal with leave to replead, Plaintiff filed a SAC. In his SAC, Plaintiff again names a multitude of Defendants[1] and he makes the following factual allegations. In July 2016, after Equal Employment Opportunity

---

[1] Defendants named in the SAC include the State of New York, City of New York, the Department of Correction, the Department of Finance; Judges J. Clynes, Rosenthal, Ann Katz, Leslie A. Stroth, Jonathan Svetkey, and Referee Michael Moorman; Attorneys Brian R. Baker and David Francis; District Attorney (DA) Alvin Bragg, and Assistant District Attorneys (ADA) Sarah Grunberger and Emma Bausert; Police Officer Daniel Gines, and Detectives Leonel Ferrera and Michael Espinosa, and Family Court personnel. Plaintiff also names his former employer, the NYC Comptroller's Office, as well as NYC Comptroller Brad Lander, HR Director Amanpreet Singh, Division Chief Leonel Ferrera, and Unit Chief Shatema Jackson-Cairavino.

2

proceedings, Plaintiff was reinstated to his position at the New York City Comptroller's Office. On November 8, 2018, Plaintiff and other employees worked in a "heavily fumigated area," resulting in Plaintiff suffering a "psychosomatic injury" that became a disability. (ECF 16 at 12, ¶¶ 30-31.)

On August 2, 2020, Shanelle Washington, who is the mother of Plaintiff's child, allegedly trespassed at Plaintiff's home at 108 West 141st Street, and Plaintiff initiated a 911 call. (*Id.* at 13, ¶ 34.) Officer Daniel Gines falsely arrested and detained Plaintiff without a warrant. (*Id.* at ¶ 35.) Plaintiff was detained in the custody of the New York City Department of Correction ("DOC") from August 3, 2020 to August 6, 2020. (*Id.* at 18.) During this period, he was allegedly subjected to excessive force, and sexual assault via pat downs and strip searches. (*Id.*)

On August 5, 2020, Adams appeared before Hon. Marisol Martinez Alonso J.C.C., who allegedly subjected him to false arrest and detention. (*Id.* at 19.) Plaintiff returned home on August 6, 2020, to find the locks changed for the apartment at 108 West 141st Street, allegedly at the request of Shanelle Washington and with the involvement of 108 West 141st Street LP's attorney Nivins and the Housing Court. (*Id.* at 14.) On August 13, 2020, Plaintiff received a Family Court Summons related to his ongoing disputes with Shanelle Washington.[2] (*Id.* at 15.)

Plaintiff was subjected to a series of arrests for reasons that are unspecified. Hon. Michael Gaffey J.C.C. subjected Adams to an allegedly "false arrest" and detention from November 4, 2020, until December 4, 2020. (*Id.* at 20.) "Hon. Judge TBD J.C.C," subjected Adams to an allegedly "false arrest" and detention beginning on December 14, 2020. (Id. at 20,

---

[2] At some point, Plaintiff allegedly was acquitted of charges arising from Washington's complaints.

3

¶ 52.) Hon. Michael Gaffey J.C.C. had Plaintiff arrested again on January 14, 2021, and Hon. Ann Thompson, J.C.C., had Plaintiff arrested on November 23, 2021. (*Id.* at 21.)

Plaintiff was served with orders of protection on December 14, 2021, and January 28, 2022. (*Id.* at 15, 19.) Hon. Rachel S. Pauley J.C.C. had Plaintiff "falsely arrested" and subjected to detention from March 8, 2022, to March 22, 2022. (*Id.* at 21.)

On April 22, 2022, Plaintiff's supervisor, Shatema Jackson-Cairivino, allegedly sexually harassed him. (*Id.* at 26.) He alleges that she sent him explicit pictures and that she later made false claims that he had terrorized her. (*Id.*) On May 17, 2022, Plaintiff reported the alleged sexual harassment and defamation to supervisors and his union. (*Id.* at 10.)

From June 6, 2022, until August 25, 2022, by an order of Hon. Marisol Martinez Alonso J.C.C., Plaintiff was allegedly subjected to detention. On October 4, 2022, Hon. Herbert Moses J.C.C. ordered that Plaintiff be detained. (*Id.* at 23.) On December 13, 2022, Katie Honan published an article in *The City* that the Manhattan DA was seeking a "Red Flag Gun Ban" for an employee of the New York City Comptroller's Office. (*Id.* at 28.) On December 14, 2022, Det. Michael Espinosa detained Plaintiff at his home at 22 Mount Morris Park West, New York, allegedly using excessive force. (*Id.* at 2.) That same day, Hon. Eric Schumacher J.C.C. and Hon. Wang F. J.C.C. ordered Plaintiff's continued detention. (*Id.* at 24-25.)

On February 1, 2023, Hon. Angela Badamo issued a decision granting an Extreme Risk Protection Order against Plaintiff. A few months later, on March 16, 2023, Hon. Soma S. Syed J.C.C. ordered Plaintiff's detention.

On April 7, 2023, Plaintiff submitted a request to the NYC Comptroller's Office under the Family Medical Leave Act ("FMLA"). On July 25, 2023, Hon. Marisol Martinez Alonso J.C.C. ordered Plaintiff detained. (*Id.* at 19.)

On August 10, 2023, an Administrative Law Judge ("ALJ") signed a Notice of Determination and Order sustaining a charge of misconduct against Plaintiff and the penalty of termination. On August 28, 2023, Plaintiff received a letter from Amanpreet Singh, Director of Human Resources for the NYC Comptroller's Office, entitled "Notice of Determination and Order," and a letter of termination.

On September 10, 2023, attorney David Francis, acting on behalf of the NYC Comptroller's Office, allegedly retaliated against Plaintiff and made unspecified slanderous statements. On October 26, 2023,  Hon. Michael Gaffey J.C.C. had Plaintiff falsely arrested and detained.

On August 12, 2024, Plaintiff received a right-to-sue letter.

On December 18, 2024, Judge Rosenthal of the New York City Criminal Court and Officers Hernandez and Pedaro allegedly violated Plaintiff's rights and caused him to be detained. (*Id.* at 23.)

On December 19, 2024, Doctors Robert Legder and Dr. Hamad Alvi at Metropolitan Hospital denied Plaintiff's release. On December 21, 2024, while at Metropolitan Hospital under the care of Dr. Salim Al-Salem, Plaintiff was allegedly denied proper medication and insufficient staff were on duty. (*Id.* at 5.) On December 22, 2024, another patient at Metropolitan Hospital allegedly scratched Plaintiff's face. (*Id.*)

In the SAC, Plaintiff seeks damages and reinstatement to his prior employment, to be restored to the apartment at 108 West 141st St., the return of his property, to vacate unlawful

court orders, to lift supervised release conditions, to refund bond proceeds, and other injunctive relief.[3]

After filing the SAC, on February 17, 2026, Plaintiff filed, without leave of court, a TAC, styled as an "Amended Consolidated Complaint, Motion for Reconsideration, Supplemental Damages Clarification, *Monell* Municipal Liability Claim, Request for Equitable Accounting, Disability Retirement Preservation, All Writs Act Preservation, and Emergency Application for Expedited Relief." (ECF 22.) In the TAC, Plaintiff states that he "incorporates by reference the Verified Declaration filed May 21, 2025 (1,689 pages), which remains unrebutted" (*id.* at 1), and he again raises claims arising from four false arrests, an incident during transport to a hospital,

---

[3] In addition to these factual allegations, Plaintiff includes statements that are difficult to decipher:

> The complaint of Seson Deon Teleo Adams against the State of New York et al. City of New York et al, in a Tort action under the Suits in Admiralty Act (46 USCS Appx §§ 741 et seq.) and the Public Vessels Act (46 USCS Appx §§ 781 et seq.,and Title 46, section 740 is The Extension Act et al), Remedies in rem and in personam, and pleading in admiralty. 2 Am Jur 2d, Admiralty §§ 32 et seq., 179, 182 Declaration of trust. 76 Am Jur 2d Trusts § 61. Tort action In a cause of contract, civil and maritime, federal question diversity clause, sexual harassment federal charge number 16GC305516, Workers Compensation Board# G2365534 mandatory counter claim rule 13, unlawful termination Title VII, the ADEA, the EPA, the ADA, the Rehabilitation Act, or GINA petition, or --Allegation-- Creation of express trust--By declaration for recovery of damages alleges with Judicial supervision generally of distribution of trust estate Nature of remainder created by inter vivos trust giving settlor, trustee, or life beneficiary power to exhaust trust fund or otherwise terminate trust. 61 ALR2d 477, Intervention by one claiming interest in litigation as trust beneficiary. 76 Am Jur 2d, Trusts § 602. to recover possession of the vessel "SESON DEON TELEO ADAMS," and to obtain damages for wrongful interference with such possession . . . .

(ECF 16 at 3.)

denial of access to his former residence, and he invokes the Employee Retirement Income Securities Act ("ERISA").[4] He does not specify the defendants.

Shortly thereafter, on February 26, 2026, Plaintiff filed, without leave of court, a Fourth AC, in which he invokes as the basis of his claims 42 U.S.C. § 1983, Title VII of the Civil Rights Act, the Americans with Disabilities Act ("ADA"), and ERISA. Plaintiff again states that he "incorporates by reference the Verified Declaration filed May 21, 2025 (1,689 pages), which remains unrebutted . . ." (ECF 24 at 2), and he does not specify the defendants.

Plaintiff has also filed motions for reconsideration of the order of dismissal with leave to replead, and a notice of newly discovered evidence (ECF 17, 19, 21), as well as additional motions (ECF 25-27).

## DISCUSSION

### A.    Jurisdictional Effect of Pending Interlocutory Appeal

"It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.,* 101 F.3d 863, 865 (2d Cir. 1996); *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128 (2d Cir. 2000) (holding that, "[t]o be final, an order must "conclusively determine[ ] the pending claims of all the parties to the litigation . . . unless the court directs the entry of a final judgment as to the dismissed claims or parties" under Fed. R. Civ. P. 54(b)). Where an order of dismissal terminates an action as to some defendants, a plaintiff can ask the district court to enter an order, under Federal Rule of Civil Procedure 54(b), allowing an immediate appeal. *See* Fed. R. Civ. P. 54(b) ("[W]hen multiple parties are involved,

---

[4] The declaration includes, among other things, a Report and Recommendation from an administrative law judge finding after trial that the employer had established that Plaintiff had made threats of violence toward Comptroller's Office staff. (ECF 11 at 232-241.) Plaintiff also attached an April 26, 2024 decision of the Civil Service Commission affirming the finding that he was guilty of misconduct and the penalty of termination imposed. (*Id.* at 225.)

the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.").

In addition, an interlocutory appeal may be taken as of right in cases where injunctive relief is denied, 28 U.S.C. § 1292(a)(1), or, as a matter of discretion, where the district judge certifies that the order appealed from "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," § 1292(b). Where there has been certification of a discretionary interlocutory appeal under Section 1292(b), the "application for an appeal . . . shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." § 1292(b); *see also S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 226 (S.D.N.Y. 2000) ("Certification [under Section 1292(b)] is only warranted in exceptional cases . . . .") (quotation marks and citation omitted).

Plaintiff filed a notice of appeal from the August 4, 2025 "Order of Dismissal with Leave to Replead," without including any additional information. (ECF 15.) The August 4, 2025 order had (1) denied Plaintiff's motion for a preliminary injunction (seeking, among other things, to restore his employment at the NYC Comptroller's Office, vacate challenged decisions (including from state Family and Criminal Courts), stay enforcement of various adverse orders, and seal all public records); (2) severed the claims against defendants other than his employer and dismissed them without prejudice; and (3) granted Plaintiff leave to replead his employment discrimination claims arising from his employment with the New York City Comptroller's Office.[5]

---

[5] Insofar as Plaintiff intended to assert pendant state law claims, or other claims against individuals arising out of his employment with and termination from the New York City Comptroller's Office, the Court did not intend to preclude inclusion of such claims in any amended complaint.

Plaintiff did not request entry of judgment, under Rule 54(b), as to the parties dismissed without prejudice, and it does not appear to be in the interest of justice to permit an interlocutory appeal to proceed because Plaintiff was free to refile those claims in a separate action. *See*, *e.g.*, *Chappelle v. Beacon Communications Corp.*, 84 F.3d 652, 654 n. 3 (2d Cir. 1996) (holding that where "a dismissal without prejudice does not preclude another action on the same claims, a plaintiff who is permitted to appeal . . . will effectively have secured an otherwise unavailable interlocutory appeal").

Insofar as Plaintiff may be entitled, under Section 1292(a), to appeal as of right the portion of the August 4, 2025 order denying preliminary injunctive relief, such an interlocutory appeal does not prevent the Court from proceeding with aspects of the action not involved in the appeal. *See Gold v. Lomenzo*, 425 F.2d 959, 961 (2d Cir. 1970) (holding that "the order denying a preliminary injunction is appealable to us, 28 U.S.C. 1292(a)"); *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) ("[A]n interlocutory appeal[] 'divests the district court of its control over those aspects of the case involved in the appeal.'" (*quoting Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982))).

The Court declines, under Section 1292(b), to certify this matter for a discretionary interlocutory appeal. The dismissal order did not "involve[] a controlling question of law as to which there is substantial ground for difference of opinion," and it is not the case that "an immediate appeal from the order may materially advance the ultimate termination of the litigation," § 1292(b). Plaintiff had the option of immediately bringing separate actions with the

claims that were dismissed without prejudice. The Court therefore need not stay this action pending resolution of the interlocutory appeal.[6]

The Court denies Plaintiff's request to proceed IFP on appeal (ECF 20), and Plaintiff can renew his request in the Court of Appeals.

**B.      Operative Amended Complaint**

Rule 15 of the Federal Rules of Civil Procedure allows a plaintiff, before service of the summons and complaint on defendants, to amend the complaint once as a matter of course.[7] Additional amendments to the complaint require "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts must "freely give leave when justice so requires." *Id.*

Plaintiff filed the SAC as directed (ECF 16), and then submitted a proposed TAC and Fourth AC. Because the latter pleadings were filed without the court's leave or defendants' consent, the TAC and Fourth AC cannot be treated as superseding the SAC, which remains the operative pleading.

In order to provide Plaintiff a final opportunity to bring his employment discrimination claim, which he appears at some point to have administratively exhausted, the Court directs Plaintiff, within 30 days, either (1) to file a single, short and plain[8] amended pleading concerning

---

[6] Plaintiff's appeal was opened in the Second Circuit under docket number 25-2153 (2d Cir.), but any proceedings appear to be sealed.

[7] Specifically, Rule 15 provides that "a party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

[8] As a reminder, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences

that claim that will be the operative pleading, or (2) to identify in writing whether he intends to rely on the operative SAC, or wishes the Court to treat his proposed TAC or Fourth AC as the operative pleading.

If Plaintiff chooses to file a new amended complaint, the Court urges Plaintiff to use the court's Employment Discrimination Amended Complaint form and, as set forth in the August 4, 2025 order, to bring his claims arising from his arrests and other matters in a separate action. If Plaintiff does not respond, or if files a submission that is non-responsive, the Court will treat the SAC, which was filed with leave of court, as the operative pleading and review it.

## C.    Pending Motions

Plaintiff has brought numerous motions, which the Court addresses in turn. In his application styled as a "Declaration and Consolidated Motion For Reconsideration, In Limine Relief, and Expedited Consideration" (ECF 17), Plaintiff states that, on July 21, 2025, he received an "administrative convenience dismissal" of employment discrimination charges from the New York State Division of Human Rights ("DHR"), with a "final notice and order on December 4, 2025." (ECF 17 at 2, ¶ 12.) He also notes that, on April 30, 2025, DHR issued a dismissal for lack of jurisdiction of a different charge.  (*Id.* at ¶ 13.) Plaintiff seeks damages for, among other things, an allegedly unlawful detention and "forced displacement," and asks the Court to issue an order restoring him to his former residence. The following day, he filed a "Motion for Reconsideration" seeking substantially similar relief. (ECF 19.)

---

in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

11

Under Federal Rule of Civil Procedure 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Plaintiff does not demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply, nor does he show that extraordinary circumstances exist warranting relief under Rule 60(b)(6). Moreover, much of the relief that Plaintiff seeks is unavailable in this proceeding. Accordingly, the motions (ECF 17, 19) are denied.[9]

On February 17, 2026, Plaintiff filed a Supplemental Notice of Newly Arising Evidence and Continuing Irreparable Harm," in which he described that he had "become aware of a judgment entered in [the] Court of Common Pleas Philadelphia County," which affected "trust property" in Pennsylvania.[10] (ECF 21.) Plaintiff describes how his arrest and loss of housing has impaired his ability to participate in the Pennsylvania legal proceedings affecting that property (*id.*), and asks this Court to reinstate unspecified claims and issue injunctive relief. The relief that Plaintiff seeks in connection with his property in Pennsylvania is unavailable in this proceeding, and the Court denies the motion.

---

[9] If Plaintiff files an amended complaint using the Court's Employment Discrimination Amended Complaint form, he can include information about administrative exhaustion in that amended pleading.

[10] Plaintiff has since commenced suit in federal court in Pennsylvania. *See Adams v. City of Philadelphia*, No. 26-CV-1357 (E.D. Pa.).

On February 26, 2026, Plaintiff filed a declaration and consolidated motion for reconsideration. (ECF 25.) This motion is substantially the same as Plaintiff's earlier motions for reconsideration (ECF 17, 19) and is denied for the same reasons.

**CONCLUSION**

The Court denies Plaintiff's pending motions, and the Clerk of Court is directed to terminate the motions.

The Court directs Plaintiff, within 30 days, either (1) to file a single pleading that will be the operative pleading (and that complies with the August 4, 2025 order and is limited to his employment discrimination claims), or (2) to identify in writing whether he intends to rely on the operative SAC (ECF 16), or whether he wishes the Court to treat his proposed TAC (ECF 22) or Fourth AC (ECF 24) as the operative pleading. If Plaintiff does not respond, or if he files a submission that is non-responsive, the Court will treat the SAC, which was filed with leave of court, as the operative pleading. An Employment Discrimination Amended Complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is therefore directed to terminate Plaintiff's request to proceed IFP on appeal (ECF 20).

SO ORDERED.

Dated:    March 24, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

_____

-against-

_____

_____

_____

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____

(Include case number if one has been
assigned)

Do you want a jury trial?

☐ Yes    ☐ No

## AMENDED

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 3/24/17

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name                Middle Initial        Last Name

Street Address

County, City                        State                Zip Code

Telephone Number                    Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City                        State                Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City                        State                Zip Code

Page 2

Defendant 3:

| |
|---|
| Name |

| |
|---|
| Address where defendant may be served |

| County, City | State | Zip Code |
|---|---|---|

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

| |
|---|
| Name |

| |
|---|
| Address |

| County, City | State | Zip Code |
|---|---|---|

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐    **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐  race: _____

☐  color: _____

☐  religion: _____

☐  sex: _____

☐  national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.  Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law): _____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐  did not hire me

☐  terminated my employment

☐  did not promote me

☐  did not accommodate my disability

☐  provided me with terms and conditions of employment different from those of similar employees

☐  retaliated against me

☐  harassed me or created a hostile work environment

☐  other (specify): _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

□    Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?    _____

□    No

Have you received a Notice of Right to Sue from the EEOC?

□    Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?    _____

When did you receive the Notice?    _____

□    No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

□    direct the defendant to hire me

□    direct the defendant to re-employ me

□    direct the defendant to promote me

□    direct the defendant to reasonably accommodate my religion

□    direct the defendant to reasonably accommodate my disability

□    direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

Page 6

## VII.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |
| First Name        Middle Initial | Last Name |
| Street Address | |
| County, City | State        Zip Code |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1.  Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2.  Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1.  You will no longer receive documents in the mail;

2.  If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3.  This service does *not* allow you to electronically file your documents;

4.  It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

500 PEARL STREET | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

PRO SE INTAKE UNIT: 212-805-0175

rev. 2/9/15

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

## Civil case(s) filed in the Southern District of New York:

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address

_____
Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007