UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SESON DEON TELEO ADAMS,

                                    Plaintiff,

                    -against-

CITY OF NEW YORK, et al.,

                                    Defendants.

25 Civ. 4358 (PAE) (VF)

ORDER OF SERVICE

PAUL A. ENGELMAYER, United States District Judge:

On April 24, 2026, plaintiff, who is proceeding *pro se*, filed an amended pleading titled

"Amended Consolidated Bill of Complaint in Equity," Dkt. 30, in response to an order from

Chief Judge Laura Taylor Swain directing plaintiff to file a single operative pleading, Dkt. 28.

As explained below, the Court treats this pleading, Dkt. 30, as the operative complaint.

Defendants named in the operative complaint are (1) the State of New York, the "People

of the State of New York," and state entities (the New York State Workers' Compensation Board

(WCB); Civil Service Commission (CSC); Division of Human Rights (DHR); and Public

Campaign Finance Board (PCFB)); (2) the New York State Unified Court System and courts

thereof (Family Court, New York County; New York City Criminal Court; New York State

Supreme Court; and New York City Civil Court (Housing Part)); (3) the District Attorney of New

York County; (4) the City of New York and New York City agencies (the New York City

Comptroller's Office, Office of Administrative Trials and Hearings (OATH), Department of

Correction (DOC), and Department of Finance (DOF)); and (5) John Does 1–100.

Plaintiff brings this action asserting, *inter alia*, claims arising from his employment at the

New York City Comptroller's Office, including alleged violations of Title VII of the Civil Rights

Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, Title I of the Americans with Disabilities Act

("ADA"), 42 U.S.C. §§ 12101 to 12213, the Rehabilitation Act, 29 U.S.C. §§ 701 to 796, 42 U.S.C. § 1983, the Employee Retirement Income Security Act of 1974 (ERISA), the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131.  By order dated July 2, 2025, the Court granted plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons set forth below, the Court directs service on the City of New York and dismisses plaintiff's claims against all other defendants named in the operative complaint. Dkt. 30.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint if it determines at any time that it lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  Nonetheless, the "special solicitude" in *pro se* cases, *id.* at 475, has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

### A.     Operative Pleading

By order dated March 25, 2026, Chief Judge Swain stated that plaintiff had been granted leave to file a second amended complaint, which he then filed.  *See* Dkt. 16.  Plaintiff subsequently filed, without leave of court, third and fourth amended complaints, Dkts. 22, 24, as well as numerous motions, Dkts. 17, 19, 21, 25–27.  Chief Judge Swain denied the motions and directed plaintiff either to file a single operative complaint or to designate the pleading on which he intended to rely.  Dkt. 28.

In response, plaintiff filed an amended complaint, Dkt. 30, titled in part "Amended Consolidated Bill of Complaint in Equity."  The Court deems this the operative complaint. Accordingly, it supersedes and replaces all prior complaints.  Plaintiff has subsequently filed an "Amended Consolidated Complaint," Dkt. 32, and an "Amended Consolidated Bill of Complaint in Equity," Dkt. 45, neither of which was accompanied by a motion for leave to amend.  He has also filed numerous motions and proposed orders, Dkts. 33, 34, 38, 40, 43–44, 46–47, seeking, *inter alia*, expedited consideration of his claims.

The Court cautions plaintiff that his repetitive filing of pleadings and motions has slowed progress of this case and is liable to create confusion.  To clarify the operative complaint, Dkt. 30, the Court directs the Clerk of Court to strike the Amended Complaints, Dkts. 32, 45, which were filed without leave.  Any further purported amended pleading that Plaintiff submits that is not filed as a proposed amended complaint accompanied by a motion for leave to amend will be stricken from the docket.

### B.     Incorporation by Reference

Rule 10(c) of the Federal Rules of Civil Procedure governs "adoption by reference," and provides that "[a] statement in a pleading may be adopted by reference elsewhere in the same

pleading or in any other pleading or motion. . . ." Fed. R. Civ. P. 10(c). In the operative complaint, plaintiff states that he "relies on a developed record, including: [1] May 21, 2025 Verified Declaration (Ex. A);[1] [2] June 2, 2025 submission (~1600 pages)[2] (Ex. A); [3] NYSDHR probable-cause determination (Ex. B); [4] Housing/Supreme Court records of illegal lockout (Ex. D); [5] Criminal dispositions (Jan. 2, 2025) (Ex. U); [6] Family Court order reflecting service defects (Ex. N); and [7] Additional administrative and financial notices (Exs. W, X, Y, AA)." Dkt. 30 at 2. Plaintiff cites to these documents as if they were exhibits to the complaint, but none are attached as exhibits to the complaint.

Although Rule 10(c) permits incorporation by reference, a wholesale incorporation of prior pleadings can be "a misuse of the Rule 10(c) incorporation privilege," and a violation of Rule 8(a) of the Federal Rules of Civil Procedure, which "requires a plaintiff to identify the specific allegations that they seek to incorporate." *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 866 F. Supp. 2d 257, 275 (S.D.N.Y. 2012) (cleaned up). "[T]he references to prior allegations must be direct and explicit to enable the responding party to ascertain the nature and extent of the incorporation." 5A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc.

---

[1] The following is an excerpt from the Declaration, on which Plaintiff purports to rely:

> $300.00 in troy ounce of. 999 pure gold (or its equivalent) per hour for any of my time consumed while being 1) detained by any man/woman acting under color of law; 2) stopped by any statute-enforcing officer from any legal department and/or corporation. Let it be clear that the People is not a person; a person is definition of your fictitious entity, corporation and is not the People. True sovereignty in America and within all free nations on Earth lies with the living and breathing people who have all rights endowed by our Creator, God.

Dkt. 3 at 2–3.)

[2] This 1689-page submission is titled, "Unsigned Order To Show Cause For Preliminary Injunction and Temporary Restraining Order." Dkt. 11. On August 4, 2025, Chief Judge Swain denied this motion. Dkt. 14.

4

§ 1326 (4th ed. 2008). Such an approach ensures fairness to the responding party, for without this requirement wholesale incorporations "may prove confusing and inconvenient." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 2023 WL 2290822, at *7 (Bankr. S.D.N.Y. Feb. 28, 2023).

Although Plaintiff may seek to incorporate into the operative complaint allegations from the documents that he lists, neither the Court nor a defendant can determine which statements in all of the documents that Plaintiff references, which total thousands of pages, are meant to be incorporated by reference into the operative complaint. *See, e.g., Mullinex v. John Crane Inc.*, No. 18 Civ. 33, 2022 WL 21340244, at *2 (E.D. Va. Oct. 25, 2022) ("It is not this Court's responsibility to search through a party's previous pleadings to determine which, if any, of the arguments set forth in a prior pleading are applicable and the Court will not do so in this case."). Accordingly, this attempted wholesale incorporation is a misuse of Rule 10(c) and is not effective in incorporating the allegations from such documents. Incorporation of Plaintiff's prior pleadings is denied.

## C.    Defendants State of New York and State Agencies

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*

Plaintiff sues the State of New York, the People of the State of New York, and State entities (the New York State WCB, CSC, DHR, and PCFB), as well as the New York State

Unified Court System and courts thereof.[3] All of these entities are entitled to Eleventh Amendment immunity.[4]

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's section 1983 claims against the State of New York, the People of the State of New York, the WCB, CSC, DHR, and PCFB, the New York State Unified Court System, the Family Court, New York County, Criminal Court, New York County, New York State Supreme Court, and New York City Civil Court (Housing Part) are therefore barred by the Eleventh Amendment and are, accordingly, dismissed.[5]

## D.    Defendant District Attorney of New York County

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are "'intimately associated with the judicial

---

[3] Plaintiff specifically names the Family Court, New York County, Criminal Court, New York County, New York State Supreme Court, and New York City Civil Court (Housing Part)).

[4] *See Palma v. Workers Comp. Bd.*, 151 F. App'x 20, 21 (2d Cir. 2005) (summary order); *McGill v. Buzzelli*, 828 F. App'x 76, 78 (2d Cir. 2020) (summary order)("[T]he Eleventh Amendment bars suits against [NYSDHR] because it is a state agency."); *Murawski v. New York State Bd. of Elections*, 285 F. Supp. 3d 691, 692 (S.D.N.Y. 2018) (holding that the New York State Board of Election, [which houses the Public Campaign Finance Board], is entitled to Eleventh Amendment immunity); *Sivels v. New York*, 81 F. App'x 361, 362 (2d Cir. 2003) (summary order) ("[T]he People of the State of New York were properly dismissed on the grounds of . . . Eleventh Amendment immunity."); *see also Murray v. Thompson*, No. 17 Civ. 7004, 2018 WL 5113955, at *4 (S.D.N.Y. Oct. 19, 2018) (holding that a New York Family Court is an arm of the State of New York and is entitled to Eleventh Amendment immunity).

[5] The Court understands the operative complaint to assert additional federal claims (including claims under Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Rehabilitation Act, and the Employee Retirement Income Security Act (ERISA)) against only Plaintiff's former employer. Dkt. 30 at 1.

6

phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)).

Here, the operative complaint names the New York County District Attorney ("DA") but does not include specific allegations about the DA. The complaint thus fails to comply with Rule 8's requirement to make a short and plain statement of the claim. Plaintiff's claim against the DA must therefore be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court might liberally construe, as a claim against the DA, plaintiff's allegation that he was prosecuted on claims arising from "multiple arrests, including Aug. 2, 2020 and Dec. 2022 matters," which "lacked probable cause" and caused him "[l]iberty deprivation, [r]eputational harm, [and] [e]mployment consequences." Dkt. 30 at 4–5. Because prosecution in connection with an allegedly "false arrest" arises from actions within the scope of the DA's official duties and associated with the judicial phase of criminal proceedings, the DA is entitled to prosecutorial immunity for such a claim. Therefore, insofar as Plaintiff's allegations can be liberally construed as asserting such a claim, plaintiff's claims against the DA must also be dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii).

**E.    Defendants John/Jane Doe Officials 1–100**

Plaintiff lists John/Jane Doe Officials 1–100 in the caption of the operative complaint, but he does not plead any facts in the body of the complaint about what any such official did, or failed to do, that violated his rights. Because plaintiff has not pleaded any facts about the action

or inaction of such defendants, the allegations do not comply with Rule 8 and fail to state a claim on which relief can be granted. Accordingly, the Court dismisses plaintiff's claims against these defendants. 28 U.S.C. § 1915(e)(2)(B)(ii).

## F.    Defendant Agencies of the City of New York

An entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter.*") (emphasis in original). New York City's Charter provides that, unless otherwise authorized, suits against agencies of the City of New York must be brought against the City of New York. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").

Plaintiff sues the New York City DOC, DOF, OATH, and Comptroller's Office. The DOC does not have the power to sue and be sued in its own name. *See* N.Y. City Charter ch. 25, §§ 621-627 (describing structure and powers of the DOC); *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) ("[S]uits against the DOC are suits against a non-suable entity and are properly dismissed upon that basis."). The DOF, OATH, and Office of the New York City Comptroller are also not suable entities.[6] Plaintiff's claims against these

---

[6] *See, e.g., Little v. City of New York Dep't of Fin.*, No. 20 Civ. 1979, 2022 WL 4539574, at *3 (E.D.N.Y. Sept. 28, 2022) ("Plaintiff's claims against the City of New York Department of Finance should have been brought against the City of New York, because the Department of Finance is a non-suable entity."); *Rivera v. City of N.Y.*, No. 97 Civ. 8549, 1999 WL 64442, at *1 (S.D.N.Y. Feb. 9, 1999) ("OATH and [the AIU] are not suable entities."); N.Y. City Charter ch. 45A, § 1048 (describing powers and duties of OATH); *Sexton v. Dep't of Homeless Servs.*, No. 24 Civ. 8895, 2025 WL 1334605, at *3 (S.D.N.Y. May 7, 2025) (dismissing claims against the Office of the New York City Comptroller, as an entity that cannot be sued under the New

defendants must therefore be asserted against the City of New York, which is already named as a defendant in this action.

**G.      Service on Defendant City of New York**

Because plaintiff has been granted permission to proceed IFP, plaintiff is entitled to rely on assistance from the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow plaintiff to effect service on Defendant City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant City of New York.

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.  If the complaint is not served within that time, plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010)

---

York City Charter), *appeal dismissed sub nom. Sexton v. Volunteers of Am.*, 2025 WL 3514315 (2d Cir. Sept. 24, 2025); N.Y. City Charter ch. 3, § 93 (setting forth powers and duties of NYC Comptroller).

(summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to strike the Amended Complaints, Dkts. 32, 45, which were filed without leave of court. Any further purported Amended Complaint that plaintiff submits that is not properly filed as a proposed amended complaint attached to a motion for leave to amend will be stricken from the docket.

Plaintiff's "Amended Consolidated Bill of Complaint in Equity," Dkt. 30, is deemed the operative complaint, and the Clerk of Court is directed to add the defendants named in that pleading to the docket.

The Court dismisses, based on Eleventh Amendment immunity, plaintiff's claims under 42 U.S.C. § 1983 against the State of New York, the "People of the State of New York," New York State Workers' Compensation Board, Civil Service Commission, Division of Human Rights, Public Campaign Finance Board, New York State Unified Court System, New York State Family Court, New York County, New York City Criminal Court, New York State Supreme Court, and New York City Civil Court (Housing Part), and the Clerk of Court is directed to terminate these defendants on the docket.

The Court dismisses plaintiff's claims against the "District Attorney of New York County," for failure to state a claim on which relief can be granted and based on prosecutorial immunity. 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). The Court dismisses without prejudice Plaintiff's claims against John Does 1–100 for failure to state a claim on which relief can be granted.

10

Plaintiff's claims against the City of New York DOC, OATH, DOF and the Comptroller's Office are dismissed because these entitles lack the capacity to be sued in the name of the agencies.

The Clerk of Court is instructed to issue a summons for Defendant City of New York, complete the USM-285 form with the address for Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service. The Clerk of Court is further directed to mail an information package to plaintiff.

SO ORDERED.

Dated:    May 14, 2026
          New York, New York

_____
PAUL A. ENGELMAYER
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.   City of New York
     New York City Law Department
     100 Church Street
     New York, NY 10007